UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL CITY STUDIOS LLLP, a Delaware limited liability limited partnership,<br><br>    Plaintiff,<br><br>v.<br><br>CARGILL, INCORPORATED, a Delaware corporation,<br><br>    Defendant. | CASE NO.  CV 07 2275 ODW (CWx)<br><br>Honorable Otis D. Wright II<br><br>[~~PROPOSED~~] PROTECTIVE ORDER |

This Court finds that good cause exists for a Protective Order on the terms and conditions stipulated by the parties.

Therefor, IT IS ORDERED as follows:

       1.    <u>Confidential Information</u>.  Any Party or nonparty ("Designating Party") may designate as "CONFIDENTIAL" the whole or any part of any materials provided in this action (including, but not limited to, discovery responses, documents, and deposition testimony) which the Designating Party believes in good faith constitutes or contains "Confidential Information."  "Confidential Information" means commercially sensitive business information or data which is not publicly known and cannot be readily ascertained from an inspection of publicly available

Mitchell Silberberg & Knupp LLP

1723016.1

[PROPOSED] PROTECTIVE ORDER

documents, materials, or devices.  By way of example only, "Confidential Information" may include trade secrets, know-how, proprietary data, design and manufacturing information, or employment, marketing, contract, financial, or negotiated information, or other similar information which the Designating Party either maintains as confidential or as to which the unprotected disclosure might result in economic or competitive injury.

2. <u>Designation of Confidential Information</u>.  If a Party or nonparty to this action determines that any materials should be designated as Confidential Information, all copies of such materials shall be marked "CONFIDENTIAL" and treated as "CONFIDENTIAL," as set forth herein.  Each page of a "CONFIDENTIAL" document shall be marked "CONFIDENTIAL."  The Party or nonparty designating material as "CONFIDENTIAL" shall designate only that portion of the materials that qualifies as Confidential Information as defined in Paragraph 1 herein.

3. <u>Use of "CONFIDENTIAL" Materials</u>.  All materials designated "CONFIDENTIAL," and any information contained therein, shall be used only for the purpose of this litigation, which means preparing for, prosecuting, defending, or settling this action, including any appeals and retrials.  Any use or disclosure of materials designated "CONFIDENTIAL" for any other purpose shall be a violation of this Stipulation and Protective Order.  This Stipulation and Protective Order shall not be construed to apply to any material that: (a) is lawfully and generally available to the public; (b) was already lawfully known to the Party at the time of disclosure and does not constitute Confidential Information; or (c) was lawfully developed by that Party independent of any disclosure by a Designating Party.  In the event of any conflict as to whether such material was already lawfully known to the receiving Party, the Parties will make a good faith effort to meet and confer regarding the

1  designation of such material.  If the Parties are unable to resolve any such conflict,
2  the provisions in Paragraph 6 herein shall apply.
3
4           4.      <u>Use of Confidential Information in Depositions</u>.  Any Party shall
5  have the right to use Confidential Information at or for the purpose of taking
6  depositions.  At any deposition session, upon inquiry with regard to the content of a
7  document marked "CONFIDENTIAL," or whenever counsel for a Party deems that
8  a question or the answer to a question may result or has resulted in the disclosure of
9  Confidential Information, the deposition, or portions thereof, including any exhibits
10 thereto, may be designated as "CONFIDENTIAL."  Counsel for the Party or
11 nonparty whose Confidential Information is involved also may request that all
12 persons, other than the reporter, counsel, and those Qualified Persons defined below,
13 leave the deposition room during any portion of the deposition during which
14 Confidential Information may be disclosed.  Counsel may also designate the
15 deposition transcript, or portions thereof, and any designated exhibits containing
16 Confidential Information, as "CONFIDENTIAL" no later than fifteen (15) days
17 after receipt of the transcript.  Those portions of the transcript and any exhibits
18 containing Confidential Information designated as "CONFIDENTIAL" shall be
19 separately bound.  During the fifteen (15) day period, the entire transcript shall be
20 treated as "CONFIDENTIAL"; provided, however, that the deponent shall be
21 allowed access to the transcript during this fifteen (15) day period in order to
22 review, correct, and sign the transcript.  After expiration of the fifteen (15) day
23 period, if no confidential designations have been made, the entire transcript shall be
24 considered non-confidential.  Any documents used at a deposition that are marked
25 "CONFIDENTIAL" shall continue to be treated as such even if the deposition is not
26 designated "CONFIDENTIAL."
27
28

5. <u>Disclosure of Confidential Information.</u>  Confidential Information may be disclosed only to the Court and Court personnel, and to the following persons who may be considered "Qualified Persons" based on the criteria set forth below:

a. counsel of record and in-house counsel for the Parties, including associate attorneys; paralegal, clerical, secretarial, or other staff employed by such counsel; and outside copying services to whom it is necessary that the materials marked "CONFIDENTIAL" be disclosed for the purposes of this litigation;

b. the Parties, including their officers, directors, employees or independent contractors, whom their in-house or outside counsel deems necessary to aid in the prosecution, defense, or settlement of this action;

c. experts or consultants (and their staff) retained by the Parties or their counsel to assist in the prosecution, defense or settlement of this action, provided that the disclosure of "CONFIDENTIAL" material shall be limited to the extent necessary to perform their work, and shall be preceded by the execution by the Qualified Person of the Acknowledgement in the form attached hereto as Exhibit A ("Acknowledgement"), which Acknowledgement shall be maintained by counsel for the party engaging said persons;

d. during their depositions, witnesses in this action to whom counsel determines disclosure is reasonably necessary, provided, however, that such persons shall be provided with a copy of this Order and shall execute the Acknowledgement prior to receiving any Confidential Information, which executed acknowledgement shall be attached to the transcript(s) of any such deposition. Alternatively, counsel may request that counsel for the Designating Party consent to

1  the disclosure of that Party's Confidential Information, which consent shall not
2  unreasonably be withheld.  If such consent is withheld, the requesting counsel may
3  seek appropriate relief from the Court;

5        e.    jurors;

7        f.    court reporter(s) and videographers in this action;

9        g.    the author of the material, any person as to whom the material on
10 its face indicates that he or she previously received or reviewed it independent of
11 this action, and any person who is identified in another document or another
12 witness's testimony as having previously received or reviewed the material
13 independent of this action; and

15       h.    any other person as to whom the Parties agree in writing,
16 provided, however, that such person is provided with a copy of this Order and
17 executes an Acknowledgement, a copy of which shall be provided to counsel for
18 each Party within three (3) business days of its execution.

20       6.    <u>Challenge to "CONFIDENTIAL" Designation</u>.  A Party which
21 disputes the propriety of a designation as "CONFIDENTIAL" shall challenge such
22 designation within a reasonable time after the materials are so designated.

24       (a)    In the event that a Party challenges such designation, that
25 Party shall provide written notice to the Designating Party of its disagreement with
26 the designation.  The Parties shall first attempt to resolve the dispute in good faith.
27 If the dispute cannot be resolved, the receiving Party may give the Designating Party
28 written notice of the date, not earlier than thirty (30) days after said notice has been

Mitchell Silberberg & Knupp LLP
1723016.1

1  given, after which it will regard such material as not being entitled to the protections
2  afforded Confidential Information under this Order.  The Designating Party may
3  apply to the Court prior to said date for a ruling concerning the status of such
4  material in accordance with Local Rules 37-1 through 37-4, and, pending such
5  application and ruling, the receiving Party shall treat such material as Confidential
6  Information under this Order.  If such application is not filed within the specified
7  time limits, the material in question shall not be treated as Confidential Information
8  hereunder.
9
10              (b)   If, after hearing pursuant to paragraph 6(a), the receiving
11 Party prevails and the Court determines that the material was incorrectly designated
12 as "CONFIDENTIAL", the same procedure shall be followed with respect to any
13 subsequent dispute regarding the designation of materials by the same Designating
14 Party.  If, however, after hearing pursuant to paragraph 6(a), the Designating Party
15 prevails and the Court determines that the material was correctly designated as
16 "CONFIDENTIAL", in any subsequent dispute regarding the propriety of any other
17 designation by that same Designating Party, the receiving Party shall have the
18 burden of applying to the Court, in accordance with the procedure described above,
19 for a ruling concerning the status of the material, and pending such application and
20 ruling, the receiving Party shall treat such material as Confidential Information
21 under this Order.  If the receiving Party does not file such application, the
22 Designating Party need not apply to the Court for a ruling concerning the status of
23 the material in question, and that material shall be treated as Confidential
24 Information hereunder.
25
26              (c)   If, after hearing pursuant to paragraph 6(a), the Court
27 determines that some material in question was properly designated
28 "CONFIDENTIAL" and other material was not, the prevailing Party for purposes of

this paragraph 6 shall be the Party whose position was determined to be correct in the majority of instances as calculated by the number of documents, responses to interrogatories or deposition answers decided to have been correctly designated.

(d) In any hearing pursuant to this paragraph, the burden of proving that material has been properly designated as "CONFIDENTIAL" is on the Party making such designation.

7. <u>Filing of Confidential Information With Court</u>. Any Party seeking to submit Confidential Information to the Court shall comply with the provisions for filing documents under seal set forth in Local Rule 79-5.1.

8. <u>Inadvertent Disclosure</u>.  In the event a Party provides documents or information, or allows for the disclosure of information in connection with depositions, and subsequently determines such information constitutes Confidential Information that should have been marked "CONFIDENTIAL," the Party may notify the other Party of such determination and retroactively designate any materials accordingly, subject to the provisions of Paragraph 6 herein.

9. <u>Use in Court</u>.  Nothing contained herein is intended to or shall be deemed to prejudice any Party's right to use at trial or in any hearing before the Court any Confidential Information; provided, however, that reasonable notice of the intended use of Confidential Information in such proceedings shall be provided to the Designating Party to enable that Party to seek appropriate relief from the Court or otherwise arrange for proper safeguards to preserve the confidentiality of the Confidential Information.

10. <u>Return or Destruction of "CONFIDENTIAL" Materials</u>.  Within thirty (30) days after entry of final judgment (including appeals or retrials, if any) or after dismissal with prejudice of this action, all materials which have been designated as "CONFIDENTIAL" shall be returned to the Designating Party.  In lieu of returning such materials, counsel for the receiving Party may certify in writing that the materials have been destroyed; provided, however, that for each Party, outside counsel and in-house counsel may each retain one copy of any documents or materials designated as "CONFIDENTIAL."  Notwithstanding the foregoing, nothing herein is intended to require counsel for the Parties to destroy or provide to anyone any privileged materials or work-product that may reflect the contents of any documents identified as "CONFIDENTIAL" or any information that has been identified as Confidential Information.

**<u>Protective Order Survives Termination</u>.  This Protective Order shall survive the termination of this action.  The Court shall retain jurisdiction over the Parties and any Qualified Persons who have executed an Acknowledgement solely for the limited purpose of resolving any dispute concerning the use of Confidential Information.**

Dated: <u>February 19, 2008</u>

*(signature)*

The Hon. Otis D. Wright II
United States District Judge

SUBMITTED BY:

MITCHELL SILBERBERG & KNUPP LLP

By: _____
    Betsy A. Zedek
    Attorneys for Plaintiff
    Universal City Studios LLLP

DRIER STEIN KAHAN BROWNE WOODS GEORGE LLP

By: _____
    David R. Shraga
    Attorneys for Defendant
    Cargill, Incorporated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL CITY STUDIOS LLLP, a Delaware limited liability limited partnership,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>CARGILL, INCORPORATED, a Delaware corporation,<br><br>　　　　　Defendant. | CASE NO.   CV 07 2275 ODW (CWx)<br><br>Honorable Otis D. Wright II<br><br>**ACKNOWLEDGMENT** |

　　　I, _____ (print or type name), in connection with the above-entitled action, hereby acknowledge that I have received a copy of the Stipulation and Protective Order entered into between the parties, which is attached hereto as Exhibit 1, have read the same, and agree to be bound by all of the provisions thereof.

　　　I hereto agree to submit to the jurisdiction of the United States District Court of the Central District of California for enforcement of the undertaking made herein.

Dated:_____

Signature_____

Print Name_____